Manuel MARQUES–DA SILVA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72275.
Agency No. A29–515–794.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 2004.*

Decided Sept. 21, 2004.

Joseph L. Feldun, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Nelda C. Reyna, Ernesto H. Molina, Jr., Washington, DC, for Respondent.

Before T.G. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Manuel Marques–DaSilva petitions for review of the Board of Immigration Ap-

---

peals' ("BIA's") streamlined affirmance of the Immigration Judge's ("IJ's") decision. The IJ denied Marques–DaSilva's requests for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

Substantial evidence[1] supports the IJ's conclusion that Marques–DaSilva failed to establish his eligibility for asylum. The kind of harassment and discrimination he detailed does not rise to the level of persecution.[2] Moreover, he never argued that the government was unable or unwilling to control his alleged persecutors.[3]

Substantial evidence supports the IJ's determination that Marques–DaSilva failed to satisfy the objective requirement necessary to prove that he had a well-founded fear of future persecution.[4] Marques–DaSilva failed to demonstrate "good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution."[5] He merely asserted that harassment and discrimination would resume upon his return. As discussed above, the harassment and discrimination he detailed does not constitute persecution. Neither would it constitute persecution were he to return.[6]

Because Marques–DaSilva has failed to meet the eligibility requirements for asylum he has also failed to meet the more stringent standards for mandatory withholding.[7]

Accordingly, we deny the petition.

**PETITION DENIED.**

---

1. *Lopez–Chavez v. INS,* 259 F.3d 1176, 1180 (9th Cir.2001) (stating that the IJ's decision must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole"); *see Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir. 2003) (stating that the IJ's decision is reviewed when the BIA does not perform an independent review).

2. *See, e.g., Nagoulko v. INS,* 333 F.3d 1012 (9th Cir.2003); *Hoxha v. Ashcroft,* 319 F.3d 1179 (9th Cir.2003); *Baballah v. Ashcroft,* 367 F.3d 1067 (9th Cir.2004).

3. *See Baballah,* 367 F.3d at 1077–78.

4. *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999).

5. *Id.*

6. *See Hoxha,* 319 F.3d at 1182–84.

